UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANK ALSTON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PEDRO BAEZ, et al.,<br><br>　　　　　Defendants. | Civil Action No. 19-20516 (MCA) (MAH)<br><br>OPINION |

**I.　INTRODUCTION**

This matter having come before the Court by way of *pro se* Plaintiff Frank Alston's Motion to Amend the Complaint [D.E. 29]. The Court has considered the parties' submissions and has decided this Motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's Motion is denied.

**II.　BACKGROUND**

This civil action arises from automobile accident between Plaintiff and Defendant Pedro Baez on June 9, 2015. *See* Compl., Nov. 13, 2019, D.E. 1 at 3. Plaintiff alleges that Baez was operating a company vehicle owned by Defendant Evans Delivery Company at the time of the accident. *Id.* In his original Complaint, Plaintiff asserted that, "[a]s a result of being injured, the Army Medical Command placed Plaintiff . . . in the Medical Management Unit for medical hold and labeled [him] nondeployable due to injury." *Id.* Plaintiff further alleged that he "could not return to normal duty and complete officer candidate school due to the injuries sustained" from the auto accident. *Id.* According to Plaintiff, he "was subsequently stripped of his Officer Candidate contract of six years and stripped of his $50,000 student loan repayment plan contract"

1

before being "medically discharged from the Army without benefits." *Id.*

By way of relief, Plaintiff sought more than $2,000,000 in damages in connection with his inability to continue in the Army. *See id.* Plaintiff explained that he "wants the Court to protect his expectation interest which is his interest in having the benefit of his bargain by being put in as good a position as he would have been in had his Army Officer Contract and Student Loan Repayment Plan Contract been formed for the 15.5 years of service remaining in the Army prior to retirement." *Id.*

On July 6, 2020, Defendants requested leave to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6) and/or Rule 12(c) of the Federal Rules of Civil Procedure. *See* Defs.' Letter, July 6, 2020, D.E. 23. Defendants asserted that

> [p]rior to commencing this action, . . . plaintiff commenced a similar action against the defendants in the State Court of New Jersey, County of Essex, on May 4, 2017, seeking the exact same damages for the exact same automobile accident. The State Court, however, issued an Order precluding plaintiff from pursuing his lost wage claim, thus plaintiff elected to file this similar action in Federal Court. The State Court case was then dismissed as a result of plaintiff's failure to appear for the trial call.
>
> Accordingly, defendants respectfully request permission to file a motion to dismiss the Federal Court complaint on various grounds, including, but not limited to violation of the applicable statute of limitation and failure to state a cause of action.

*Id.* The Court granted request on July 13, 2020. *See* Order, July 13, 2020, D.E. 34.

Two days later, Plaintiff wrote the Court contesting Defendants' characterization of the Complaint. *See* Pl.'s Letter, July 15, 2020, D.E. 25. By way of a separate letter, Plaintiff sought leave to file a motion to amend the Complaint. Pl.'s Letter, July 15, 2020, D.E. 26. With respect to the differences between the state court and federal court actions, Plaintiff stated:

> A negligence complaint was filed in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-003190-17 in regards to

> the June 9, 2015, motor vehicle accident. Under New Jersey State law . . . , the statute of limitations on a contract claim is six years. This means that Plaintiff . . . had six years from the date of loss of [his] Army contracts to file a loss of contracts claim against the defendants. Plaintiff . . . exercised his right to file his loss of contracts claim in the [United States District Court for the District of New Jersey].
>
> Because the contracts complaint arose out of the June 9, 2015, motor vehicle accident, and both complaints are part of a common nucleus of operative fact, Plaintiff . . . kindly request[s] the [Court] to bring along the State based [sic] claim for negligence, since the contracts complaint would have never happened but for the June 9, 2015, motor vehicle accident. . . .

*Id.* at 2.

In response to Plaintiff's letter and "[i]n order to promote the efficient management of this case and use of judicial resources," this Court ordered that "the parties shall meet and confer on whether they can agree to allowing Plaintiff to amend his complaint, without prejudice to Defendants' right to move to dismiss the amended complaint under Rule 12(b)(6) or Rule 12(c), given that the standard to amend is essentially the same as the standard for dismissal under Rule 12(b)(6) and Rule 12(c)." Order, July 16, 2020, D.E. 27. Defendants subsequently informed the Court that they could not agree to allow Plaintiff to file an amended pleading, thereby necessitating the motion to amend. *See* Letter, July 21, 2020, D.E. 28.

The parties' respective motions followed. *See* Pl.'s Mot. to Amend, July 21, 2020, D.E. 29; Defs.' Mot. to Dismiss, July 22, 2020, D.E. 30. Following a telephone conference on August 3, 2020, and for the reasons set forth on the record, the Court administratively terminated Defendants' motion to dismiss without prejudice to their right to renew the motion following the adjudication of Plaintiff's motion to amend. *See* Order, Aug. 3, 2020, D.E. 37.

In the motion presently before the Court, Plaintiff seeks leave to plead two additional causes of action: (1) a tortious interference claim concerning his Officer Candidate Contract and

3

the Student Loan Repayment Plan; and (2) a claim arising under "Army Regulation 40-501 §§ 8-1 to 12, 10-18." Pls.' Br. in Supp. of Mot. to Amend at 4, 10-13, July 21, 2020, D.E. 29-1. According to Plaintiff, the latter regulation "required the defendants [to] attach DD Form 2808 with its medical evidence medical examination report of the Solider and submit these required documents to the Office of the Surgeon General after the June 9, 2015, motor vehicle accident." Pl.'s Br. at 4. Plaintiff submits that

> [h]ad the defendants submitted the DD Form 2808 [t]he Army may have allowed Plaintiff Pro Se Frank Alston to attend Officer Candidate School based on medical waiver in order to fulfill his 09S Officer Candidate contract obligations. But because the defendants waited 38 months post accident and 18 months after the medical discharge to conduct its medical evidence medical examination report Plaintiff Pro Se Frank Alston will never have this option of a medical waiver to attend Officer Candidate School.

*Id.* at 11. Defendants oppose the proposed claims mostly on futility grounds.[1] *See* Defs.' Br. in Opp'n to Pl.'s Mot. at 12-16, July 31, 2020, D.E. 35-1.

### III. DISCUSSION

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). Notwithstanding that liberal standard, "[d]enial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by

---

[1] The Court notes that Defendants emphasize the peculiar procedural history of this matter in opposition to Plaintiff's motion; that is, the litigation of the core allegations to the eve of trial in state court prior before dismissal of the action, and the subsequent filing of the Complaint in federal court that purports to state a claim for breach of contract rather than an automobile negligence claim. But the Undersigned can resolve this motion within the narrower context of Rule 15(a)(2), and therefore leaves a determination of the legal import of the posture of this action to any subsequently filed motion to dismiss.

amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).

Futility is assessed by determining whether the proposed amendment can "withstand a renewed motion to dismiss.'" *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). In this analysis, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *City of Cambridge Retirement Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *In re Burlington Coat Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The inquiry is whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). More specifically, the Court's analysis involves three steps:

> First, [the Court] will note the elements of a claim; second, [the Court] will identify allegations that are conclusory and therefore not assumed to be true, and; third, accepting the factual allegations as true, [the Court] will view them and reasonable inferences drawn from them in the light most favorable to [the non-movant] to decide whether they plausibly give rise to an entitlement to relief.

*Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) (internal quotation marks and citations omitted). This Court also liberally construes Plaintiff's allegations due to his status as a *pro se* litigant. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (emphasizing the Third Circuit's "policy of liberally construing *pro se* submissions").

1. **Army Regulations**

Plaintiff cannot state a claim upon which relief may be granted in connection with the cited Army regulations because they do not apply to non-military personnel such as Defendants. Army Regulation 40-501, which governs Standards of Medical Fitness for enlistment in the United States Army, explicitly states that

> [t]his regulation applies to Regular Army, the Army National Guard/Army National Guard of the United States and the U.S. Army Reserve, unless otherwise stated. It also applies to candidates for military service.

Affidavit of Lawrence Lambert in Opp'n to Pl.'s Mot., Ex. M, July 31, 2020, D.E. 35 at 305. Accordingly, Defendants were under no obligation to submit any medical evidence concerning Plaintiff to the Army. Pursuant to Section 1-4(c), "[i]t is the responsibility of each Solider to maintain his/her individual medical and dental readiness requirements, and report health issues that may affect their readiness to deploy or be retained to continue serving." *Id.*, D.E. 35 at 309. Furthermore, DD Form 2808 is intended to be filled out by the applicant to the Armed Forces— not third parties. *See* Dep't of Def., *Report of Medical Examination*, DD Form 2808 (July 2019) (stating that "failure by an applicant to provide the information may result in delay or possible rejection of the individual's application to enter the Armed Forces," and that, "[f]or an Armed Forces members, failure to provide the information may result in the individual being placed in a non-deployable status"). Plaintiff has not directed the Court to any provision stating otherwise.

Finally, even if the Court were to assume that Defendants violated the aforementioned regulations, Plaintiff has not identified any authority for the proposition that a violation of the regulations gives rise to a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 291, (2001) ("But it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress."); *Camden Cnty. Historical Soc'y v. Dep't of Transp.*, 371 F. Supp. 3d 187, 193 (D.N.J. 2019) ("Congress must create the asserted right in a statute; an executive agency cannot do so in a regulation."); *Med. Diagnostic Labs., LLC v. Horizon Healthcare Servs., Inc.,* No. 18-616, 2018 WL 1932707, at *2 (D.N.J. Apr. 24, 2018) ("[A] federal regulation alone cannot create a private cause of action unless the enabling statute creates such right or else authorizes the appropriate regulatory agency to do so."). The Court will

deny Plaintiff leave to amend the Complaint to allege a claim arising under the cited Army Regulations.

### 2. Tortious Interference

To state a claim under New Jersey law for tortious interference with prospective economic advantage, a plaintiff must allege: (1) the existence of a reasonable expectation of an economic advantage; (2) the interference was done intentionally and with malice; (3) absent the interference there was as reasonable probability that the plaintiff would have received the anticipated economic benefits; and (4) the injury caused the damage. *MacDougall v. Weichert*, 677 A.2d 162, 174 (N.J. 1996); *Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 358 (D.N.J. 2019). "The recognized family of business torts [also] includes both claims for tortious interference with a contract, and claims for tortious interference with a prospective contractual relationship." *Nostrame v. Santiago*, 61 A.3d 893, 900 (N.J. 2013) (internal citations omitted). "Whether the tort is denominated as an intentional interference with contractual advantage, or future economic advantage, the import is the same." *Jenkins v. Region Nine Hous. Corp.*, 703 A.2d 664, 667 (N.J. Sup. Ct. App. Div. 1997). In this context, "malice is defined to mean that the harm was inflicted intentionally and without justification or excuse." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989).

The proposed Amended Complaint does not plausible allege a claim for tortious interference.[2] Missing from the proposed Amended Complaint are any allegations that Defendants

---

[2] It appears that Plaintiff has filed two versions of the proposed Amended Complaint. Plaintiff filed the first iteration along with his motion papers. *See* Am. Compl., July 21, 2020, D.E. 29-2; Local Civ. R. 15.1(a)(1) (prescribing that "a party who seeks leave to amend a pleading shall do so by motion . . . and shall attach to the motion[] . . . a copy of the proposed amended pleading"). This version is prefaced by a typewritten list of the specific amendments, and was submitted on the form included in the Procedural Guide for Pro Se Litigants. *See* U.S. Dist. Court for the Dist. of N.J., *Procedural Guide for Pro Se Litigants* (June 2017). Three days after Plaintiff filed his

acted with malice.  Instead, Plaintiff merely alleges—in conclusory fashion—that Defendants "knew Plaintiff . . . had a contract or business relations with the Army National Guard" and "intentionally interfered without justification with the six-year Army National Guard 09S Officer Candidate Contract by injuring the Plaintiff and not submitting the [medical documentation] required by law," Am. Compl. ¶ 9, D.E. 34; and that Defendants "knew that Plaintiff . . . had a contract or business relations with the New Jersey Army National Guard" and "intentionally interfered with the $50,000.00 Student Loan Repayment Plan contract by injuring the Plaintiff in the June 9, 2015, motor vehicle accident and not submitting [the medical documentation to the Army]," *id.* ¶ 10.

The United States Supreme Court has made clear that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient to state a claim upon which relief may be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Absent from the Complaint are any allegations that plausibly suggest that Defendants intentionally sought to injure Plaintiff in the automobile accident.  Accordingly, the Court denies Plaintiff leave to amend his Complaint to allege a tortious interference claim.

IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff Frank Alston's Motion to Amend the Complaint [D.E. 29] is denied.  An appropriate Order will issue.

s/Michael A. Hammer_____
**UNITED STATES MAGISTRATE JUDGE**

**Dated: August 17, 2020**

---

motion, he filed a stand-alone, type-written Amended Complaint on the docket. *See* Am. Compl., July 24, 2020, D.E. 34.  For the sake of completeness, the Court has considered both documents.

8